**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------x
In re:                                                        Chapter 13

        **Lori Mastrangelo,**

                                                       Case No. 18-23596 ( RDD )

                             **Debtor(s).**
-------------------------------------------------x

## ORDER VOIDING JUNIOR MORTGAGE LIEN OF
## GREENPOINT MORTGAGE FUNDING, INC.

Upon the motion, contained in the chapter 13 plan, dated October 16, 2018 (with exhibits thereto, the "Motion"), of the above debtor (the "Debtor"), for an order declaring that the junior mortgage lien held by Greenpoint Mortgage Funding (with any subsequent successor or assign, the "Creditor") on the Debtor's real property located at 20 Canterbury Road Yonkers, NY 10704 (the "Property") is void as being wholly unsecured under 11 U.S.C. §§ 506(a) and 1322, and reclassifying the secured claim of the Creditor in this case based on such lien as an unsecured claim; and it appearing that due and sufficient notice of the Motion and the hearing thereon was provided; and there being no opposition to the requested relief; and upon the record of the December 12, 2018 hearing held by the Court on the Motion; and, after due deliberation, it appearing that the amount of the senior debt secured by the Property exceeds the value of the Property and that there is no collateral value in the Property to secure the Debtor's obligations to the Creditor under the Creditor's junior mortgage on the Property; and good and sufficient cause appearing, it is hereby ORDERED that

       1. The Motion is granted.

       2. Any claim filed by Creditor against the Debtor and the Debtor's estate in this case based on its junior lien on the Property shall be treated as wholly unsecured.

1

3. The wholly unsecured lien of the Creditor's junior mortgage on the Property is declared void (see In re Pond, 252 F.3d 122 (2d Cir. 2001)), subject to the Creditor's rights under 11 U.S.C. § 363(k) and its right to such lien's reinstatement upon any dismissal or conversion of the Debtor's chapter 13 case prior to the performance of the Debtor's chapter 13 plan voiding such mortgage under 11 U.S.C. § 1322(b)(2).

4. The Clerk of Westchester County, New York shall mark on its records that the Creditor's junior mortgage on the Property [appearing at Liber __ and Page No. __ ] is void pursuant to Bankruptcy Court Order, subject to the lien's reinstatement upon any dismissal or conversion of the Debtor's chapter 13 case prior to the performance of the Debtor's chapter 13 plan voiding such mortgage under 11 U.S.C. § 1322(b)(2); provided, that the Debtor may in the alternative record a copy of this Order with the Clerk of the County of Westchester, New York to provide such notice.

5. Notwithstanding any other provision of this Order, this Order shall remain effective if this case is converted to a case under chapter 11.

Dated: White Plains, New York
      December 26, 2018

                                              /s/ Robert D. Drain
                                              United States Bankruptcy Judge